UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | INFORMATION CR11-145 SRN |
| Plaintiff, | |
| | (18 U.S.C. § 2) |
| v. | (18 U.S.C. § 371) |
| | (18 U.S.C. § 1343) |
| 1. SHERI LYNN DELICH, | (18 U.S.C. § 1957) |
| 2. MY DINH LAM, and | |
| 3. ASHLEY ELIZABETH PRASIL, | |
| Defendants. | |

THE UNITED STATES ATTORNEY CHARGES THAT:

Factual Background

1. The Cloud 9 Sky Flats ("Cloud 9") is a real estate development in Minnetonka, Minnesota.

2. From not later than December 18, 2006 and continuing until approximately December 2007, SHERI LYNN DELICH, MY DINH LAM, ASHLEY ELIZABETH PRASIL, and others conspired and agreed to engage in a scheme to defraud mortgage lenders in connection with the marketing of Cloud 9 units through the submission of materially false information to lenders financing Cloud 9 sales. Means of interstate wire communication were used by scheme participants in the course of the scheme to defraud.

3. The scheme involved DELICH and others finding buyers willing to apply for mortgage loans to purchase Cloud 9 units, processing the loan and property sale paperwork, and closing the sales. The participants in the scheme and the buyer knew that buyers were being paid approximately 30% of the purported purchase price outside of the formal closing. The forms submitted to lenders did not disclose the kickback to the buyers, and the

SCANNED
APR 21 2011
U.S. DISTRICT COURT MPLS

FILED APR 21 2011
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

conspirators knew that the payment of funds to a buyer from loan proceeds was material information to a lender.

4. The kickback payment was returned to the buyers through an account controlled by DELICH funded by a payment from the loan proceeds. Once she had payment meant for the kickback, DELICH skimmed a percentage for herself and other facilitators in the deal before delivering the remaining funds to the buyer of the unit. The payments to scheme participants were not disclosed to lenders.

5. The transactions were fraudulent because lenders were being misled about the true nature of buyers' financial participation in the transactions, and the total purchase price of each unit sold as part of the scheme to defraud was artificially inflated by at least the amount of the kickback.

6. Altogether over forty Cloud 9 units were sold through the scheme to defraud, and more than 80% of the loans have defaulted. More than $4.2 million was transferred to accounts controlled by DELICH for purpose of paying the kickbacks and sharing proceeds with scheme participants.

7. On or about April 23, 2007, DELICH accepted a wire transfer payment of $120,123.00 in fraud proceeds into an account at US Bank which she controlled and in turn shared the funds with other participants in the scheme described above.

### COUNT 1
(Conspiracy)

8. Paragraphs 1-7 are hereby realleged and incorporated by reference.

9. From on or about December 18, 2006 and continuing until approximately December 2007, both dates being approximate and inclusive, in the State and District of Minnesota and elsewhere, the defendants,

**SHERI LYNN DELICH,
MY DINH LAM,
and
ASHLEY ELIZABETH PRASIL,**

did unlawfully and knowingly combine, conspire, and agree with each other and others known and unknown to commit an offense against the United States, namely,

> having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

10. The purpose of the conspiracy was to defraud lenders financing the sale of Cloud 9 units.

### MANNER AND MEANS

11. The manner and means of the conspiracy included locating buyers of Cloud 9 units, agreeing to pay the buyers and other participants in the transaction a kickback of approximately 30% percent of the financed price, and obtaining mortgage loans without disclosing this kickback to the lenders.

### OVERT ACTS

12. In order to effect the object of the conspiracy and in

furtherance of the conspiracy, a co-conspirator committed and caused to be committed the following overt act in the State and District of Minnesota:

> On or about April 23, 2007, SHERI LYNN DELICH accepted funds that had been transferred using the means of interstate commerce in connection with the purchase of a Cloud 9 unit.

13. All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Money Laundering)

14. Paragraphs 1-7 are hereby realleged and incorporated by reference.

15. On or about April 23, 2007, in the State and District of Minnesota, the defendant,

**SHERI LYNN DELICH,**

aided and abetted by others known and unknown, knowingly engaged in a monetary transaction in criminally derived property of a value greater than $10,000 in and affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, that is, the defendant accepted a wire transfer of $120,123.00 obtained as part of the scheme to defraud into an account she controlled at US Bank NA in Eagan, Minnesota.

16. All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

Counts 1 and 2 of this Information hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

As the result of the offense alleged in Count 1 of this Information, DELICH, PRASIL, and LAM shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of their right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable directly or indirectly to the conspiracy charged in Count 1 of this Information.

As the result of the offense alleged in Count 2 of this Information, Defendant DELICH shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any and all of her right, title, and interest in any and all property, real or personal, involved in the violation(s) charged in Count 2, and in any property traceable thereto.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28 United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), 371, and 1343, and Title 28, United States Code, Section 2461(c).

Respectfully submitted,

B. TODD JONES
United States Attorney

Dated: April 21, 2011

BY: ROBERT M. LEWIS
Assistant U.S. Attorney
Attorney ID No. 249488