UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 11-145(2) (SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|          Plaintiff,          ) | |
|                              ) | |
|     v.                       ) | POSITION OF THE UNITED STATES |
|                              ) | REGARDING SENTENCING FACTORS |
| MY DINH LAM,                 ) | |
|                              ) | |
|          Defendant.          ) | |

The United States of America respectfully submits the following position regarding sentencing factors in this matter. The government submits that the defendant's offense level is 17 for an initial advisory Guidelines range of 24-30 months, and that this is the advisory range that the Court should utilize as it applies statutory sentencing factors and any departures or variances.

The Pre-Sentence Investigation ("PSR") set the defendant's total offense level at 19. The difference between the PSR's calculation and the government's recommendation is due to the PSR's assessment that the defendant's role in the scheme was that of an average participant.[1] In the plea agreement, the government agreed that the defendant's role should be viewed as minor, and we respectfully maintain this position for the following reasons.

First, the defendant's involvement in this scheme was limited to his presence at the outset, when he learned the details in meetings with co-defendant Sheri Delich and employees of JLT Group, and his conduct locating buyers for approximately 15 Cloud 9 units. Thus he took part in fewer than 1/3 of the transactions in the

---

[1] The government failed to object to the PSR's Guidelines Calculation when the PSR was initially released. This was an oversight and we apologize to the Court and the Probation Office for this mistake.

scheme.  Sheri Delich, on the other hand, was involved in all the fraudulent sales.  Second, Mr. Lam acted as an agent for his buyers but did not commit fraud with regard to them; his role was limited to ensuring this his buyers performed their part of the bargain, which was to obtain the fraudulent loan.  Third, the total personal profit to Mr. Lam was less than Ms. Delich but not inconsistent with the percentage that he could have expected to earn as an agent in a legitimate real estate purchase.  While it is clear that these transactions were fraudulent and therefore his "commission" is proceeds of crime, it is still true that Mr. Lam did perform some service and was not only siphoning off free money.

In the hierarchy of defendants in this case, this defendant, along with certain others, belongs on the lower rungs.  While in some cases he could be viewed as an average participant, in this case when compared to Sheri Delich or Joseph Meyer, for example, his role was relatively limited and he is less responsible.

For these reasons, the United States respectfully submits that the defendant should be viewed as a minor participant in this scheme and his offense level should be reduced by 2 points from the level calculated in the PSR.

Respectfully submitted,

Date: January 24, 2013        B. TODD JONES
                              United States Attorney

                              s/ James E. Lackner

                         for  ROBERT M. LEWIS
                              Assistant U.S. Attorney
                              Attorney ID No. 0249488